```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

JERRY D. HARRISON,                §
                                  §
VS.                               §   CIVIL ACTION NO.4:12-CV-183-Y
                                  §
RICK THALER,                      §
Director, T.D.C.J.                §
Correctional Institutions Div.    §
```

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Jerry D. Harrison under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 20, 2012; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on December 26, 2012.

The Court has reviewed petitioner Harrison's grounds for relief and agrees with and has considered them in the manner listed by the magistrate judge in the report and recommendation:

> (1) He received ineffective assistance of retained counsel during the adjudication proceedings because counsel failed to cross-examine the victim, investigate his case and his mental state, file an appeal and request permission to withdraw from his case, and abandoned him after the hearing;
>
> (2) The prosecutor failed to keep the plea bargain because he told his trial attorney that if he pleaded guilty in cause number 13419(aggravated sexual assault of a child younger than 14 years of age), cause numbers 13371 and 13272 (two counts of indecency with a child) would be dismissed and never mentioned again;
>
> (3) The trial court abused its discretion by allowing the prosecutor to continue cross-examining him after his

attorney objected to the prosecutor's mis-characterization of the testimony and by revoking his community supervision when he did not have the ability to pay court costs and do community supervision;

(4) He received ineffective assistance of trial counsel during the original plea proceedings because counsel was not open with him, failed to advise him regarding the proceedings, coerced him into pleading guilty, informed him that all three cases would be "thrown out" for lack of evidence, and failed to keep her bargain that cause numbers 13371 and 13272 would be dropped and never mentioned again;

(5) He received ineffective assistance of court-appointed counsel on appeal because counsel filed an *Anders* brief; and

(6) At the time of the original plea proceedings, the statute of limitations for the offense had expired.

The Court, after **de novo** review, concludes that petitioner Harrison's objections must be overruled, that grounds for relief four and six must be dismissed with prejudice as time-barred under 28 U.S.C. § 2244, and that the remaining grounds for relief must be denied, for the reasons stated in the magistrate judge's findings and conclusions.[1]

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Petitioner Harrison's grounds for relief four and six in the petition for writ of habeas corpus are DISMISSED WITH PREJUDICE,

---

[1] Harrison included as attachments to his written objections, the affidavits of Betty Rainey and Carol Patterson. Each of these affidavits is deficient in that each is undated. Furthermore, both affidavits include factual matters that could have been previously discovered by Harrison such that there is no basis for now considering them under 28 U.S.C. § 2254(e)(2)(A)(ii). Additionally, the substance of the affidavits relates only to the performance of counsel during the original plea proceedings, and the Court has determined that such claims are time-barred. Thus, even if the affidavits were considered, there is nothing contained in them to revenge the resolution of the limitations issue.

2

and the remaining grounds for relief one through three and five, are DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Harrison has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of

---

[2] *See* Fed. R. App. P. 22(b).

[3] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[4] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[5] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003)(citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

3

appealability should not issue for the reasons stated in the November 20, 2012 Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[6]

Therefore, a certificate of appealability should not issue.

SIGNED January 9, 2013.

                                                      TERRY R. MEANS
                                                     UNITED STATES DISTRICT JUDGE

---

[6]*See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).